■ CARL STEIGERWALD, Respondent-Appellant, v DEAN WITTER REYNOLDS, INC., et al., Appellants-Respondents. (Appeal No. 1.) — Order modified in accordance with memorandum, and as modified, affirmed, with costs, to plaintiff. All concur, Cardamone, J., not participating. Memorandum: Plaintiff, Carl Steigerwald, seeks damages from defendants, Dean Witter Reynolds, Inc., and its Eastern Regional vice-president, Dwight Doolan, for breach of contract of employment. Plaintiff also alleges misrepresentation and such malicious disregard of plaintiff's rights as to entitle him to exemplary damages in his second and third causes of action. In January, 1977, plaintiff had been employed for 17 years in the securities business and was working as a registered representative of Reynolds Securities, Inc. Reynolds and Dean Witter were then totally separate and competing brokerage firms, but have since merged in January, 1978 to become Dean Witter Reynolds, Inc. In connection with his employment with Reynolds, plaintiff had signed a standard New York Stock Exchange form which provided in part for arbitration of any controversy between "me and any member or member organization * * * arising out of my employment or the termination of my employment". At that

time plaintiff was approached by defendant Doolan who, plaintiff claims, told him that Dean Witter planned to open a Syracuse office and promised to hire him as its manager. On March 21, 1977, at the specific request of Dean Witter and Doolan, plaintiff resigned his position with Reynolds in order to commence working for Dean Witter. However, a few weeks later Dean Witter informed plaintiff that it did not intend to open an office in Syracuse and denied that it had entered into any arrangement with him to do so. Plaintiff instituted an action in Onondaga County Supreme Court in February, 1978 and defendants moved to compel arbitration. Initially Special Term granted the motion to compel arbitration but, upon reargument, arbitration only against Dean Witter was compelled and plaintiff was permitted to proceed in Supreme Court against defendant Doolan, which action was stayed, however, until the arbitration proceeding against Dean Witter was heard and determined. Defendants appeal and plaintiff cross-appeals from this order. Parties to a commercial transaction in New York will not be considered to have selected arbitration as a forum for their litigation unless there is an express and unequivocal agreement to that effect. Such agreement may not be implied or depend upon subtlety for its existence; it must be clear and direct *(Matter of Marlene Inds. Corp. [Carnac Textiles], 45 NY2d 327, 333-334)*. Absent an agreement in writing, a party is not to be compelled to give up his right to litigate in the courts of this State. The reason is that by agreeing to arbitrate, a party forfeits in large measure many procedural and substantive safeguards under New York law *(Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288, 289; Siegel, New York Practice, § 588, p 835)*. An analysis of the complaint in this case reveals that it is essentially one for breach of contract. Defendants in their answer first deny the existence of any contract and also assert that the contract, as alleged in the complaint, was oral and unenforcible and was one terminable at will. Having denied the existence of any written contract with plaintiff, defendants urge that plaintiff bound himself to arbitrate because of a written contract with his former employer, Reynolds & Co. The writing signed by plaintiff was his application (Form U-4) to the New York Stock Exchange for registered representative status. That application clearly relates to disputes arising from plaintiff's contract of employment with Reynolds & Co. Only unwittingly and by reason of subtlety could plaintiff be said to have agreed to arbitrate his claim against these defendants. We do not believe that the application signed with the former employer binds him to arbitrate his subsequent alleged contract with defendants (see *Hadjioannou v Avramides,* 40 NY2d 929, 931). Nor do we think it suitable, as did Special Term, that there be two forums to resolve what is in reality one lawsuit. To permit that might well result in contrary determinations which is not to be permitted (see *Matter of United Paper Mach. Corp. [Di Carlo],* 19 AD2d 143, affd 14 NY2d 814). Further, defendants concede that the two claims are inextricably bound together and should be resolved in the same forum. Since we have concluded that there is no express and unequivocal agreement to arbitrate, plaintiff is free to pursue his claim against defendants in the State courts. (Appeals from order of Onondaga Supreme Court, Roy, J. — arbitration.) Present — Dillon, P. J., Cardamone, Callahan, Moule and Schnepp, JJ.