In the Matter of the Arbitration between WELLS FARGO ARMORED SERVICE CORPORATION, Respondent, and OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL NO. 153, AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, Appellant.

First Department, November 17, 1983

#### APPEARANCES OF COUNSEL

*Thomas J. Lilly* of counsel (*Joshua E. Bienstock* with him on the brief; *Quinn & Lilly, P. C.,* attorneys), for appellant.

*Richard N. Appel* of counsel (*Avrum M. Goldberg* with him on the brief; *Gusmorino & Marx* and *Akin, Gump, Strauss, Hauer & Feld,* attorneys), and *Thomas Franklin* for respondent.

#### OPINION OF THE COURT

BLOOM, J.

Office and Professional Employees International Union, Local No. 153, a trade union, appeals from an order granting the motion of Wells Fargo for a permanent stay of arbitration and denying its cross motion to compel arbitration. The union is the recognized collective bargaining

agent for the bargaining unit representing the clerical employees of Wells Fargo. On April 1, 1980 the parties entered into a collective bargaining agreement covering the terms and conditions of employment for petitioner's clerical employees. That collective bargaining agreement expired on March 31, 1983.

Among the provisions of the agreement was an article covering grievances and arbitration which provided for a three-step grievance procedure with arbitration as the culminating step. The article further provided that "[i]f the question of arbitrability is raised by either party, the arbitrator so selected shall render his decision on this question before either party presents any evidence going to the merits of the dispute."

During the life of the collective agreement Wells Fargo discharged an employee, one Joseph Ionnone, who was within the unit of representation covered by the collective agreement between Wells Fargo and the union. The union contended that Ionnone had been discharged without "'sufficient and reasonable cause'" in violation of the terms of the collective agreement and demanded that the matter be submitted to arbitration. Wells Fargo refused to arbitrate contending that the two grievance steps preliminary to arbitration outlined in the collective agreement, which, it asserted, had not been complied with by the union, were a condition precedent to arbitration. It then brought this proceeding to permanently stay the arbitration. The union cross-moved to compel arbitration. Special Term, relying on *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1), held that Wells Fargo was correct; that compliance with the grievance steps antecedent to arbitration was a condition precedent to arbitration; and the failure of the union to comply with the requirements of the collective agreement providing for these steps barred the institution of arbitration proceedings. Accordingly, it granted Wells Fargo's application for a permanent stay and denied the union's motion to compel arbitration. We disagree. Hence, we reverse, deny the stay, and grant the motion to compel arbitration.

The law recognizes the distinction between procedural arbitrability and conditions precedent to arbitration. In

*commercial* arbitrations, procedural stipulations laid down by the parties are conditions in arbitration. Determinations of such matters are for the arbitrator and not for the courts. On the other hand, where the parties have erected conditions precedent to the submission to arbitration, the issues of whether these conditions have been met is for the court and not for the arbitrator (*Matter of County of Rockland* [*Primiano Constr. Co.*], *supra,* pp 7-8). Where such conditions have not been met the court will bar invocation of the arbitration provision. However, the law has recognized a distinction between commercial arbitrations and arbitrations arising out of labor-management agreements. In the latter instance, compliance with the grievance steps has been determined to be a question of procedural arbitrability to be determined by the arbitrator (*Wiley & Sons v Livingston,* 376 US 543). While the State courts retain jurisdiction to determine whether the arbitration clause is to be enforced (*Vaca v Sipes,* 386 US 171; *International Assn. of Machinists v Gonzales,* 356 US 617), it is Federal law which is to be enforced (*Teamsters Local v Lucas Flour Co.,* 369 US 95; *Local 453, Int. Union of Elec., Radio & Mach. Workers v Otis Elevator Co.,* 314 F2d 25), and we are bound thereby (*Matter of Long Is. Lbr. Co. (Martin),* 15 NY2d 380). Indeed *Matter of Long Is. Lbr. Co. (Martin)* expressly noted that, in light of the Federal cases, "questions of timeliness and compliance with step-by-step grievance procedures, prior to formal and final binding arbitration, are questions of 'procedural arbitrability'. Now it is clear that such questions must be left to the arbitrator" (15 NY2d, at p 386). Thus, "[o]nce it is determined * * * that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator" (*Wiley & Sons v Livingston, supra,* p 557).

In this case the parties, by express language, emphasized that they were binding themselves to the rule applicable to labor-management agreements by providing, in the collective agreement, that "[i]f the question of arbitrability is raised by either party, the arbitrator so selected shall render his decision on this question before either party

presents any evidence going to the merits of the dispute." By necessary implication this constituted a reference of all questions dealing with arbitrability to the arbitrator.

In these circumstances we conclude that Special Term erred in applying the rule pertinent to commercial arbitrations rather than the rule appropriate to the arbitration of labor-management disputes. Accordingly, we reverse the order of Special Term with costs, deny the application of Wells Fargo for a permanent stay of arbitration and grant the cross motion of Office and Professional Employees International Union, Local No. 153, for an order compelling arbitration.

Order of the Supreme Court, New York County (GROSSMAN, J.), entered March 10, 1983, granting the motion of petitioner for a permanent stay of arbitration and denying respondent's motion to compel arbitration, reversed on the law, with costs, the motion for a permanent stay of arbitration denied, and the cross motion to compel arbitration granted.

KUPFERMAN, J. P., SULLIVAN, SILVERMAN and ALEXANDER, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 10, 1983, unanimously reversed on the law, the motion for a permanent stay of arbitration denied, and the cross motion to compel arbitration granted. Appellant shall recover of petitioner-respondent $50 costs and disbursements of this appeal.