■ MICHELLE S. FEINS, Appellant, v BERNARD HEROLD & CO., INC., et al., Respondents. — Order of the Supreme Court, New York County (A. Ascione, J.), entered on March 18, 1983, which, *inter alia,* granted the motion of defendants Bernard Herold & Co. (Herold) and Securities Settlement Corp. (SSC) for a stay pending arbitration, is modified, on the law and the facts, to the extent of denying the stay with respect to defendant Herold, which was not a party to the agreement to arbitrate, and otherwise affirmed, without costs. ¶ Plaintiff-appellant Michelle Feins brought this action to recover $75,000 which defendant Herold allegedly transferred wrongfully from her securities trading account with Herold, at the request of her husband. Defendant Herold is a nonclearing member of the New York Stock Exchange. Herold uses defendant SSC as its clearing broker. Defendant Martin S. Feins & Co. is a now defunct New Hampshire corporation of which plaintiff and her husband each own 50%, and is not a party to the motion for a stay. ¶ Defendants Herold and SSC seek to invoke an arbitration clause contained in a customer's margin agreement signed by plaintiff and addressed to defendant SSC. Inasmuch as Herold is not a party to this agreement, Herold cannot compel plaintiff to arbitrate her claims against it. (See *M.I.F. Securities Co. v Stamm & Co.,* 94 AD2d 211, affd 60 NY2d 936 for reasons stated in Appellate Division opn per Sullivan, J.) ¶ Moreover, it appears from the reply papers submitted below by Herold that this dispute arises, not out of the customer's margin agreement with Securities Settlement Corporation, which contains the arbitration clause, but, rather from the "cross-collateral" agreement between plaintiff and Herold pursuant to which Herold claims it made the disputed transfer on the instructions of plaintiff's husband who is also a party to that agreement. Thus, Herold is not entitled to compel arbitration of the claim under the arbitration provision of the margin account with Securities Settlement. Concur — Carro, Asch, Bloom and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: Inasmuch as the arrangement of the plaintiff with Securities Settlement Corp. (SSC) is through Herold and the liability, if any, is, in a sense, vicarious, if one is to be involved in arbitration, so should the other. ¶ The position of Herold is subsumed in

that of SSC. As was stated in *Steigerwald v Dean Witter Reynolds* (84 AD2d 905, 906, affd 56 NY2d 621), "the two claims are inextricably bound together and should be resolved in the same forum." It would be wrong to have one result in the arbitration against SSC and another in a court action against Herold.