■ WILLIAM J. BRENNAN, JR., Individually and as Trustee of the Pension Plan and the Profit Sharing Plan of WILLIAM J. BRENNAN, JR., Appellant, v A. G. BECKER, INC., et al., Respon-

dents.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered October 31, 1985 in Essex County, which granted defendants' motion for a stay pending arbitration.

In May 1977, plaintiff opened two investment accounts with defendant A. G. Becker, Inc. At that time defendant Mary Ellen Kay was employed as an account executive with A. G. Becker. Plaintiff opened the accounts as the trustee of the profit sharing plan and of the pension plan of his professional corporation. The accounts bore separate account numbers. Thereafter in February 1978, plaintiff opened a personal account with A. G. Becker in his name and that of his wife. At some point, either when that joint account was opened or in November 1979, plaintiff and his wife executed a margin agreement which converted the personal account into a personal margin account. This document contained an arbitration clause which provided that "any controversy between [the parties] arising out of [plaintiff's] business or [the] agreement shall be submitted to arbitration". The agreement bore the account number of the personal margin account. None of the documents for the other two accounts contained an arbitration clause.

Plaintiff commenced this action alleging breach of contract, breach of fiduciary obligations, negligence and fraudulent misrepresentation. Causes of action are set forth based on all three accounts. Defendants moved to compel arbitration of the claims. Special Term granted the motion and this appeal by plaintiffs ensued.

Parties to a commercial transaction will not be compelled to arbitrate controversies unless there is an express and unequivocal agreement to that effect which does not depend on implication or subtlety (see, Matter of Waldron [Goddess], 61 NY2d 181, 183-184; Steigerwald v Dean Witter Reynolds, 84 AD2d 905, 906, affd 56 NY2d 621). Applying this principal to the instant case, it is clear that plaintiff's claims arising out of the two fiduciary accounts are not subject to arbitration. There was never any express agreement to arbitrate and such agreement cannot be inferred from the arbitration clause covering plaintiff's personal account. It is equally clear, however, that plaintiff expressly agreed to submit disputes arising out of the personal account to arbitration. The fact that plaintiff may not have read or understood the arbitration clause does not render it unenforceable (see, Fiorentino Assocs. v Green, 85 AD2d 419, 420).

Having concluded that so much of this action as deals with

the personal account is subject to arbitration while that portion dealing with the two fiduciary accounts is not, we could sever certain causes of action *(see, Feins v Herold & Co.,* 99 AD2d 977). However, since the claims are "inextricably bound together and should be resolved in the same forum" *(Steigerwald v Dean Witter Reynolds,* 84 AD2d 905, 906, *supra),* we conclude that the entire matter should be litigated in the court action which has already been commenced.

Order reversed, on the law and the facts, without costs, and motion denied. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.