■ In the Matter of the Arbitration between CITY OF SCHENECTADY, Respondent, and SCHENECTADY PATROLMEN'S BENEVOLENT ASSOCIATION, Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Walsh, Jr., J.), entered August 17, 1987 in Schenectady County, which granted petitioner's application to sever two grievances contained in a demand for arbitration.

Respondent is the bargaining agent and representative for police officers employed by petitioner. Pursuant to the terms of its collective bargaining agreement with petitioner, respondent filed a demand for arbitration on behalf of two of petitioner's police officers on May 8, 1987. The demand was filed on behalf of Sergeant J. Hoetker and Patrolman Louis Pardi. Hoetker had filed a grievance based upon Police Chief Richard Nelson's refusal to remove a derogatory letter which had been placed in Hoetker's file following his approval of a police officer's request for personal leave on November 28, 1985. Pardi's grievance was based upon the denial of his request for eight hours of personal leave on November 23, 1984. November 28, 1985 and November 23, 1984 were dates on which the

annual Christmas parade was scheduled in the City of Schenectady. Both grievances involved the question of whether personal leave time should be granted during scheduled parade shifts.

Petitioner moved to stay the arbitration of Pardi's grievance and, alternatively, to sever the two grievances and direct that they proceed before different arbitrators. Respondent cross-petitioned for dismissal of the petition and an order compelling arbitration. Supreme Court denied petitioner's application to stay Pardi's grievance, compelled arbitration of that grievance and granted petitioner's request to sever the two grievances. Respondent appeals.

Respondent contends that Supreme Court exceeded its jurisdiction in ordering severance of the two grievances contained in the demand for arbitration. Matters of procedural arbitrability are for the arbitrator to consider along with the substantive issues involved in the arbitration claim *(see, Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380; *Matter of Wells Fargo Armored Serv. Corp. [Office & Professional Employees Intl. Union],* 97 AD2d 75, 77). Whether the particular procedure falls within the jurisdiction of the courts or the arbitrators depends upon "whether it is in essence a prerequisite to entry into the arbitration process or a procedural prescription for the management of that process" *(Matter of County of Rockland [Primiano Constr. Corp.],* 51 NY2d 1, 9). It is clear that courts have power to order consolidation of grievances *(Matter of Chariot Textiles Corp. [Wannalancit Textile Co.—Kute Kiddies Coats],* 18 NY2d 793) and to sever arbitrable causes of action from nonarbitrable causes of action *(Brennan v A. G. Becker, Inc.,* 127 AD2d 951, 952-953; *Harris v Iannaccone,* 107 AD2d 429, *affd* 66 NY2d 728). With respect to the court's power to consolidate arbitration claims, a court is the only practical forum in which to effect a consolidation when arbitration disputes are commenced by separate demands and placed before separate arbitrators. The procedural issue of severance in cases such as *Brennan* and *Harris* involved, in essence, a prerequisite to entry into the arbitration process, i.e., whether there was an express and unequivocal agreement to arbitrate the issue.

On this appeal, there is no claim that either of the grievances are nonarbitrable. Where, as here, two grievances are presented to one arbitrator in a joint demand, the arbitrator can address the issues of procedural arbitrability in the management of the arbitration process. In light of the policy that courts should not become involved in the arbitration process

until the conclusion of the proceeding *(see, Susquehanna Val. Cent. School Dist. v Susquehanna Val. Teachers' Assn.,* 101 AD2d 933, *appeal dismissed* 63 NY2d 610) and the fact that the severance issue can be properly addressed by the arbitrator, we conclude that Supreme Court exceeded its power in ordering severance of the grievances.

Order modified, on the law, without costs, by reversing so much thereof as granted petitioner's application to sever the two grievances contained in the demand for arbitration; petitioner's application denied in its entirety; and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.