**Ryszard MAJ, Plaintiff,**

v.

**NATIONAL SECURITIES NETWORK, INC., a corporation and Phillip J. Cordina, its agent, Defendants.**

No. 88 C 8114.

United States District Court, N.D. Illinois, E.D.

Dec. 8, 1988.

Daniel F. Webb, Bates, Depree and Webb, Chicago, Ill., for plaintiff.

James E. Beckley, Marsha A. Tolchin and Christopher J. Barber, James E. Beckley & Assoc., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the court on Defendants' National Securities Network, Inc. ("NSN") and Phillip J. Cordina Motion to Dismiss and Compel Arbitration.

## DISCUSSION

NSN is an Introducing Firm with whom the plaintiff opened a securities brokerage account. Securities Settlement Corporation ("SSC") is a company that receives stock and option purchase and sale orders from Introducing Firms such as NSN and makes the physical transaction of these orders on the floor of certain stock and option Exchanges. SSC thereafter sends the confirmation of the trade to the customer of the Introducing Firm, such as the plaintiff.

At the time plaintiff opened its account, the plaintiff read and executed a contract with SSC titled "Customer and Margin Agreement." The opening paragraph of the contract states as follows:

> ... Securities Settlement Corporation (hereinafter "SSC," "you," "your" or "yourself") has agreed with the Introducing Firm to perform, in its place as its agent, certain functions and responsibilities with respect to accounts like mine introduced to you by the Introducing Firm and accepted by you. In consideration of your accepting my account, to be carried and serviced by you solely as agent for the Introducing Firm, (pursuant to and governed by arrangements between you and the Introducing Firm to which I am not a party), I agree with you as follows:....

Paragraph 24 of the agreement contains an arbitration clause which provides:

> I agree, and by introducing and accepting the account, [NSN] and [SSC] agree, that ... any controversy which may arise between [Maj] and [SSC] whether or not it involves [NSN], concerning any transaction or the construction, performance or breach of this or any other agreement, between [Maj], [SSC] and/or [NSN], whether entered into prior, on or subsequent to the date hereof shall be submitted to and be settled by arbitration in New York City, New York before and in accordance with the rules then in effect of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. or, in the case of an options transaction, the exchange upon

which the relevant transaction was executed. [Maj] shall have the right of election as to which of the foregoing tribunals shall conduct the arbitration. For any controversy involving [SSC] (whether or not, it involves [NSN]) the election is to be made by registered mail or telegram addressed to Securities Settlement Corporation's principal place of business ... For any controversy involving only [NSN], the election is to be made by registered mail or telegram addressed to [NSN] at its principal place of business.

On September 22, 1988, the plaintiff filed a two count complaint against the defendants in this court alleging violations of 10(b) of the Securities and Exchange Act of 1934, Rule 10(b)(5) of the Securities and Exchange Commission Rules promulgated thereunder, and Section 17(a) of the Securities Act of 1983. The defendant contends that plaintiff should not be allowed to pursue his claims in federal court because under the margin agreement, the plaintiff was required to have all disputes settled by arbitration.

The defendant maintains that the plain language of the arbitration provision requires the plaintiff to have his disputes settled through arbitration rather than by the federal court. We do not agree. The operative language of the arbitration provision clearly provides that "... any controversy which may arise *between [Maj] and [SSC] whether or not it involves [NSN]*, ... shall be submitted to and be settled by arbitration...." (emphasis added). Undoubtedly, this language requires only those disputes to which Maj and SSC are parties to be resolved by arbitration, regardless of whether NSN is involved. This language does not require disputes solely between Maj and NSN to be resolved by arbitration, and no other language in the provision specifically calls for the arbitration of disputes between Maj and NSN.

Nevertheless, the defendant argues that the language in the arbitration provision which says, "[f]or any controversy involving only [NSN], the election is to be made by registered mail or telegram addressed to [NSN] at its principal place of busi-

ness...." proves that disputes between Maj and NSN must be resolved through arbitration. The defendant further asserts that if any doubt exists regarding whether this language requires arbitration, the doubt must be resolved in favor of arbitration due to a national policy favoring arbitration of commercial disputes. Although we agree with and support this policy, we cannot create an arbitration clause where none exists. The language cited by the defendant does not state that disputes between Maj and NSN must be settled through arbitration. In addition, after considering the provision as a whole and comparing this language with the language requiring disputes involving Maj and SSC to be resolved by arbitration, it becomes evident that the language cited by the defendant does not require the arbitration of disputes between Maj and NSN.

The defendants' argument that the language of paragraph 21 in the arbitration provision which provides that "[a]ll transactions heretofore made or entered in the account shall be ... governed by the terms of this agreement" confirms that this dispute must be compelled to arbitration is unpersuasive. This language is consistent with the language of the contract and the arbitration provision which cover transactions and agreements between Maj, SSC "and/or" NSN. Moreover, the fact that certain transactions are covered by the agreement, and specifically the arbitration clause, does not mean the agreement covers parties who are not signatories or who are not explicitly incorporated into the agreement.

Finally, we agree with plaintiff that the margin agreement between SSC and Maj does not include the defendant. First, the defendant is not a signatory to the agreement. In addition, the introductory paragraph of the agreement states that SSC has agreed to perform in place of and solely as agent for NSN. The agreement further states that Maj "agrees WITH YOU [SSC] as follows: ..." (emphasis added). This language clearly establishes that this is an agreement between Maj and SSC.

Based on the foregoing analysis, this court finds that NSN is not included in the scope of the arbitration provision, and accordingly, the defendants' Motion to Dismiss and Compel Arbitration is denied.