In re INTERACTIVE VIDEO
RESOURCES, INC.,
Debtor.

Nos. 90–8339–CIV, 90–8365–CIV, 90–
8366–CIV and 90–8367–CIV.
Bankruptcy Nos. 90–31034–BKC–SMW–
X, 90–0163–BKC–SMW–A–X.

United States District Court,
S.D. Florida.

July 26, 1994.

Diane Noller Wells, Steel, Hector & Davis, Miami, FL, William Larry Latham, Latham Law Firm, Jackson, MS, for appellant Centec Corporation.

Richard P. Joblove, Jerry M. Markowitz and Steven H. Naturman, Markowitz, Davis, Ringel & Friedman, P.A., Miami, FL, for appellant Fidelity and Guar. Ins. Co.

Robert C. Furr and Leslie Scott Osborne, Furr and Cohen, P.A., Boca Raton, FL, for appellee.

*ORDER AFFIRMING IN PART AND REVERSING IN PART BANKRUPTCY COURT'S MEMORANDUM OPINION AND JUDGMENT DATED MAY 24, 1990 AND AFFIRMING BANKRUPTCY COURT'S ORDER DENYING MOTION FOR REHEARING DATED JULY 3, 1990*

ARONOVITZ, District Judge.

BEFORE THIS COURT is an appeal from a Memorandum Opinion and Judgment ordering Interactive Video Resources, Inc., Centec Corporation, and Fidelity and Guaranty Insurance Company to Arbitration and Denying Centec Corporation's Motion for Relief from the Automatic Stay entered by Judge Clive W. Bare, United States Bankruptcy Judge, on May 24, 1990. Also before this Court is an appeal of the Bankruptcy Court's Order Denying Motion for Rehearing entered by Judge David S. Kennedy, United States Bankruptcy Judge, on July 3, 1990.

This case consists of a total of four bankruptcy appeals which were consolidated on March 12, 1993 by Judge William J. Zloch, United States District Judge, and were reassigned to this Court on March 16, 1993. All four consolidated cases emanate from the appeal of the Bankruptcy Court's May 24th Memorandum Opinion and Judgment, and the Bankruptcy Court's July 3rd Order Denying Motion for Rehearing. In particular, Appellants Centec Corporation and Fidelity and Guaranty Insurance Company have both appealed the Bankruptcy Court's:

(a) Order Compelling Arbitration entered in the May 24th Memorandum Opinion and Judgment, and the

(b) Order Denying Rehearing entered on July 3, 1990.

In addition, Appellant Centec Corporation has appealed the Bankruptcy Court's:

(c) Denial of Centec Corporation's Motion for Relief From Automatic Stay entered in the May 24th Memorandum Opinion and Judgment.

This Court heard oral argument on this consolidated Appeal on February 1, 1994, and has carefully considered all briefs submitted on Appeal, oral argument of counsel, the entire record, the applicable law and is otherwise fully advised in the premises.

For the following reasons, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Memorandum Opinion and Judgment entered on May 24, 1990 is **AFFIRMED IN PART and REVERSED IN PART**. More particularly, that portion of the Bankruptcy Court's Memorandum Opinion and Judgment ordering Interactive Video Resources, Inc. and Centec Corporation to Arbitration is hereby **AFFIRMED** in its entirety. That portion of the Bankruptcy Court's Memorandum Opinion and Judgment ordering Fidelity and Guaranty Insurance Company to Arbitration is hereby **RE-**

VERSED. That portion of the Memorandum Opinion and Judgment Denying Centec Corporation's Motion for Relief from the Automatic Stay is hereby **AFFIRMED** in its entirety. The Bankruptcy Court's Order Denying Motion for Rehearing entered on July 3, 1990 is hereby **AFFIRMED** in its entirety.

### *Factual and Procedural Background*

This matter involves a petition for relief filed under Chapter 11 of the Bankruptcy Code by Interactive Video Resources, Inc. ("IVR") on February 16, 1990 in the United States Bankruptcy Court for the Southern District of Florida. Prior to this filing, in January 1989, IVR and Centec Corporation ("Centec") entered into a contract for production and development of an interactive video courseware to be used for health care training. A dispute arose between the parties based upon IVR's inability to perform under the contract. Thereafter, Centec filed a lawsuit in the Mississippi Chancery Court seeking a temporary injunction and $650,000 in damages.

IVR counterclaimed and sought $3,000,000. Additionally, IVR filed a motion for an injunction and temporary restraining order, but subsequently withdrew same. On January 3, 1990, during the pendency of the Mississippi state court action, IVR moved to join Fidelity Guaranty Insurance Company ("Fidelity") in an attempt to collect upon the bond which was posted pursuant to the IVR/Centec contract. On February 14, 1990, Fidelity filed a motion for sanctions, attorneys' fees, and costs against IVR.

Thereafter, on February 16, 1990, IVR filed for Chapter 11 in Florida, and the Mississippi state court action was stayed by virtue of 11 U.S.C. § 362. On April 2, 1990, IVR filed an Adversary Complaint which sought turnover of property of the estate from Centec and Fidelity. On April 26, 1990, Centec filed a Motion for Relief from Stay so that the Mississippi action could proceed. Also on April 26th, Centec filed a Motion to

Abstain and/or to Transfer Venue. Similarly, Fidelity filed a Motion for Mandatory Abstention on April 26th. On May 10, 1990 the Bankruptcy Court held a hearing on these motions and at that hearing directed the parties to submit briefs on the issue of arbitration by May 17, 1990.

On May 17, 1990, IVR filed a Motion to Compel Arbitration and Memorandum in Support. Centec filed its brief in Opposition to the Bankruptcy Court's Authority to Order Arbitration on May 17th, and filed its Response and Opposition to IVR's Motion to Compel Arbitration on May 29, 1990. Fidelity filed its brief in Opposition to IVR's Motion to Compel Arbitration on May 24, 1990.

On May 24, 1990, the Bankruptcy Court in its Memorandum Opinion and Judgment denied Centec's Motion for Relief from the Automatic Stay. Centec has appealed this denial of relief from stay. Also in said Memorandum Opinion and Judgment, the Bankruptcy Court ordered the parties to arbitrate the controversy in accordance with terms of the Centec/IVR contract as well as the United States Arbitration Act, 9 U.S.C. 1 et seq. Both Centec and Fidelity have appealed this Arbitration Order, as well as the Order Denying Motion for Rehearing entered July 3, 1990.[1]

### *The Appeal*

■ The Court has carefully considered the issues on appeal and applied the appropriate standard of review. In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach,* 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase &*

---

1. Cases numbered **90–8339–CIV–ARONOVITZ** and **90–8367–CIV–ARONOVITZ** are appeals by Centec from the Arbitration Order, the Denial of the Motion for Relief from Stay and the Denial of the Motion for Rehearing. Cases numbered **90–** **8365–CIV–ARONOVITZ** and **90–8366–CIV–AR-ONOVITZ** are appeals by Fidelity regarding the Arbitration Order and the Denial of the Motion for Rehearing.

*Sanborn Corp.*, 904 F.2d at 593; *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.*, 99 B.R. 682, 684 (D.Md.1989), *affirmed,* 892 F.2d 26 (4th Cir.1989); *citing, In re Hunter Sav. Ass'n. v. Baggott Law Offices Co., L.P.A.,* 34 B.R. 368, 374 (S.D.Ohio 1983), *reversed on other grounds,* 750 F.2d 536 (6th Cir.1984); *In re Hollock,* 1 B.R. 212, 215 (M.D.Pa.1979).

■ In **Issue I** of Appellant Centec's brief, Centec argues that the Bankruptcy Court erred in refusing to abstain from exercising jurisdiction in this case pursuant to 28 U.S.C. § 1334(c). Centec argues that the requirements for mandatory abstention were met. Centec cites § 1334(c)(2) [2] and argues that the six (6) requirements of the statutory mandate to abstain from hearing certain proceedings set forth in *In re Consulting Actuarial Partners, Ltd. Ptn.,* 72 B.R. 821 (Bankr.S.D.N.Y.1987), have been met in this case.

Centec further argues that the eleven (11) factors considered in *In re Republic Reader's Service, Inc.,* 81 B.R. 422 (Bankr.S.D.Tex. 1987), in deciding to recommend abstention are applicable and satisfied in this case. Alternatively, Centec argues that the Bank-

ruptcy Court erred in failing to permissively abstain pursuant to 28 U.S.C. § 1334(c)(1).[3]

In **Issue II** of its brief, Centec cites 28 U.S.C. § 1412 and argues that the Bankruptcy Court erred in refusing to transfer the venue of this action to the United States Bankruptcy Court of the Southern District of Mississippi.[4]

With regard to these first two issues (the Bankruptcy Court's alleged denial of Centec's Motion to Abstain and its denial of Centec's Motion to Transfer Venue), this Court finds that it lacks jurisdiction to determine the appropriateness of the Bankruptcy Court's actions regarding these two Motions because the Bankruptcy Court never entered a Final Order on these two Motions. Rather, the Bankruptcy Court stated in its Memorandum Opinion that:

> "The Court will enter a separate judgment in accordance with these findings and conclusions. Also, in view of the holding of the Court herein, Centec's motion for relief from the automatic stay ... will be denied. **All other motions will be held in abeyance.**"

A plain reading of the Memorandum Opinion entered below suggests that when the Bankruptcy Court held in abeyance "all other motions", that ruling included Centec's Motion to Abstain and its Motion to Transfer Venue. Under 28 U.S.C. § 158(a), this Court lacks jurisdiction to consider the Bankruptcy Court's ruling as to Centec's Motion to Abstain and its Motion to Transfer Venue since the Bankruptcy Court never ruled with finality on these Motions, but rather held them in abeyance.[5] Since the Bankruptcy Court's

---

**2.** Section 1334(c)(2) states in pertinent part:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

**3.** 11 U.S.C. § 1334(c)(1) provides the district court with discretion to abstain if abstention is

"in the interest of justice, or in the interest of comity with State courts or respect for State law."

**4.** 28 U.S.C. § 1412 provides that "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

**5.** 28 U.S.C. § 158(a) provides in relevant part:

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court from interlocutory orders

holding in abeyance of "all other motions" allows the Bankruptcy Court to rule on those motions at a later time, it cannot be said that there is nothing for the Bankruptcy Court to do but execute judgment. *See, e.g., In re Charter Company Co.,* 778 F.2d 617, 621 (11th Cir.1985), *citing, Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *In re Alchar Hardware Co.,* 730 F.2d 1386, 1388 (11th Cir.1984) (per curiam). Moreover, while the Eleventh Circuit has recognized four exceptions to the strict finality requirement in the context of bankruptcy proceedings, none of those four exceptions apply in this case. *See, e.g., In re Martin Brothers Toolmakers, Inc.,* 796 F.2d 1435, 1437 (11th Cir.1986); *In re Warner,* 94 B.R. 734, 736 (M.D.Fla.1988).

Because the Bankruptcy Court's ruling holds in abeyance Centec's Motion to Abstain and its Motion to Transfer Venue, said ruling as to these two Motions does not constitute a Final Order under 28 U.S.C. § 158(a), nor does it fall within an exception to the finality rule. Accordingly, this Court lacks jurisdiction to determine the appropriateness of the Bankruptcy Court's actions regarding these two Motions.

Next, this Court considers whether the Bankruptcy Court properly ordered the parties to submit their dispute to arbitration. In January 1989, Centec and IVR entered a contract for the development of an interactive video project. The contract contained the following provision:

(9)(D) Any and all disputes or controversies arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration. One arbitrator shall be named by each of the parties hereto immediately upon knowledge that such a dispute has arisen. The two arbitrators shall then, within 24 hours of appointment, appoint a third arbitrator, who shall reside in Atlanta, Georgia and who shall be poised to hear the matter immediately. The third arbitrator so chosen shall, upon his appointment, telephone each of the parties hereto and hear their arguments. Each party shall be entitled to telecopy to said arbitrator documentation in support of its position, which telecopying shall be undertaken coincidentally with the said telephone call. Within 24 hours of the arbitrator's having heard the arguments and read the supporting documentation, he shall render his decision in writing by telecopy and first-class mail to the parties. Said decision shall be final and binding and judgment may be entered in any court having jurisdiction thereof.

On September 1, 1989, IVR allegedly informed Centec that it could no longer perform its contract and on September 6, 1989, Centec initiated a lawsuit against IVR and another defendant, Institute for Technology Development in Mississippi. Neither party at that time sought arbitration. IVR filed a counterclaim on October 10, 1989 and amended its answer and counterclaim on December 5, 1989 and January 19, 1990.

On February 16, 1990, IVR filed its bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida and on April 2, 1990, filed an Adversary Complaint seeking turnover of the interactive video product which was indicated to be in the possession of Centec. Centec claims that neither party requested arbitration under the contractual arbitration provision until it was ordered by the Bankruptcy Court that the parties submit briefs supporting and/or opposing arbitration. As noted herein, IVR submitted its Motion to Compel Arbitration and Memorandum in Support on May 17, 1990.

Centec argues that IVR waived its right to arbitrate by not moving for arbitration until approximately eight months after the Mississippi suit was originated. Centec claims IVR's conduct in not requesting arbitration sooner amounted to a "default" under United States Arbitration Act, 9 U.S.C. § 3 so as to preclude the Bankruptcy Court's Arbitration Order.

■ First, this Court finds that the Bankruptcy Court correctly concluded that the

and decrees, of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under § 157 of this title."

contract between Centec and IVR evidenced a transaction in commerce therefore subject to the United States Arbitration Act, 9 U.S.C. § 1 et seq. *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208 (C.A.N.Y. 1973); *Medical Development Corp. v. Industrial Molding Corp.*, 479 F.2d 345 (C.A.Utah 1973).

■ The purpose of the Arbitration Act is to validate and make enforceable contractual arbitration provisions and the Act authorizes a federal district court to issue an order compelling arbitration if there has been a "failure, neglect, or refusal" to comply with the arbitration agreement. *Citing, Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987); 9 U.S.C. § 1 et seq.

Under the express terms of the Centec/IVR Agreement "any and all disputes or controversies arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration." The Bankruptcy Court found that the dispute in this case involves essentially a breach of contract claim despite being called an action for turnover of property. Resolution of the dispute in this case is expressly governed by the arbitration provision in the Centec/IVR Agreement. The Bankruptcy Court was correct in its application of the Arbitration Act which gives effect to such an arbitration provision. It should be noted that the arbitration provision in the Agreement goes further than just authorizing arbitration, it provides that any and all disputes or controversies shall be "settled" by arbitration.

■ Centec argued that the Bankruptcy Court lacked authority to compel arbitration absent stipulation by the parties under Bankruptcy Rule 9019.[6] The Bankruptcy Court found Rule 9019 not controlling in that arbitration was agreed upon by the parties to resolve "any and all disputes arising out of or relating to this Agreement." Thus, it was the Agreement of the parties that the Bankruptcy Court was enforcing. This Court agrees with the Bankruptcy Court. The ar-

bitration provision in the Centec/IVR Agreement controls. No further stipulation or agreement to arbitrate· under Rule 9019 is considered necessary in light of the original Agreement between the Centec and IVR. Moreover, this Court disagrees with Centec's position that the Bankruptcy Court is forcing arbitration upon the parties. Centec and IVR are signatories to the original Agreement which included the arbitration provision. On May 17, 1990, IVR submitted its Motion to Compel Arbitration and Memorandum in Support. The Bankruptcy Court is properly enforcing the arbitration provision in the Centec/IVR Agreement in light of the United States Arbitration Act, 9 U.S.C. § 1 et seq.

■ This Court further agrees that IVR has not waived its right to seek enforcement of the arbitration provision. The Bankruptcy Court stated in its Memorandum Opinion:

> The issue of waiver will not serve to preclude this action from going to arbitration. Although it can be argued that the Plaintiff has maintained a position inconsistent with the desire to arbitrate, inconsistent behavior alone is not sufficient for a waiver to apply. The party opposing the motion to compel arbitration must have suffered prejudice. *ASTA of California, Inc. v. Continental Insurance Company*, 702 F.2d 172, 175 (9th Cir.1983).

The Bankruptcy Court goes on to find that the legal rights of Centec have remained unchanged in this case and the Court concluded that Centec failed to meet its burden of showing prejudice. This Court likewise finds no waiver or "default" established in this case.

Finally, Centec argued that the Bankruptcy Court lacked authority under 11 U.S.C. § 105 to order the parties to arbitration. Centec claims that the Court impermissibly expanded its authority beyond what is allowed in Title 28 to order arbitration in this case. The Bankruptcy Court found this statute inapplicable since the agreement of the parties provided for settlement of disputes by arbitration. This Court finds that where

---

6. In particular, Bankruptcy Rule 9019(c) provides that "[o]n stipulation of the parties to any controversy affecting the estate the court may authorize the matter to be submitted to final and binding arbitration."

IVR moved for arbitration, 11 U.S.C. § 105 does not preclude the Bankruptcy Court from ordering Centec and IVR to arbitration pursuant to the terms of their own contract and pursuant to the Arbitration Act.

For the reasons set forth herein, that portion of the Bankruptcy Court's Memorandum Opinion and Judgment ordering Interactive Video Resources, Inc. and Centec Corporation to Arbitration is hereby **AFFIRMED** in its entirety.

█ While this Court holds that the Bankruptcy Court was correct in ordering Centec and IVR to arbitration, this Court finds that the Bankruptcy Court erred in ordering Fidelity Guaranty Insurance Company ("Fidelity") to arbitration.

Fidelity argues that the Bankruptcy Court cannot compel Fidelity to arbitration as Fidelity was not a signatory to the Centec/IVR Agreement which included the arbitration provision. Fidelity claims that arbitration is a matter of contract, and a party cannot be required to submit to arbitration a dispute which it has not agreed to submit. *Citing, United Steel Workers of America v. Warrior and Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

█ This Court agrees with Fidelity. It is generally the case that non-signatories to the arbitration agreement cannot be forced into the arbitration. *See, Laborers' Int'l Union v. W.W. Bennett Const. Co.*, 686 F.2d 1267, 1274 (7th Cir.1982); *Janmort Leasing, Inc. v. Econo-Car Intern., Inc.*, 475 F.Supp. 1282 (D.C.N.Y.1979) (it is axiomatic that a written agreement for arbitration is the sin qua non of an enforceable arbitration agreement under the Arbitration Act). The Supreme Court, in dicta, has articulated policies favoring a broad reading of the scope of arbitrable

claims [7], but has cautioned about inclusion of additional parties to the arbitration proceeding.[8] This Court holds that under the circumstances before it, only the signatories to the arbitration agreement (Centec and IVR) are bound to the arbitration provision, not Fidelity. *See, e.g., Maj v. National Securities Network, Inc.*, 702 F.Supp. 184 (N.D.Ill. 1988); *Feins v. Bernard Herold & Co., Inc.*, 99 A.D.2d 977, 473 N.Y.S.2d 14 (1984).

Fidelity further argues that the only other way for it to be on the hook as to the arbitration provision is if the surety bond incorporated by reference the terms and conditions of the underlying contract. *Window-master Corp. v. B.G. Danis Company*, 511 F.Supp. 157 (S.D.Oh.1981). In this case, no such incorporation by reference was made. Moreover, 9 U.S.C. § 4 requires a written agreement to arbitrate. Since the bond did not incorporate by reference the terms of the underlying Centec/IVR Agreement and since Fidelity was not a signatory to that Agreement, Fidelity is not bound by the arbitration provision. *See, e.g., United States Fidelity and Guaranty Co. v. West Point Construction Co., Inc.*, 837 F.2d 1507 (11th Cir.1988); *Exchange Mutual Insurance Co. v. Haskell Company*, 742 F.2d 274 (6th Cir.1984).

Accordingly, that portion of the Bankruptcy Court's Memorandum Opinion and Judgment ordering Fidelity and Guaranty Insurance Company to Arbitration is hereby **REVERSED.**

█ This Court now turns to the issue of whether the Bankruptcy Court erred in denying Centec Corporation's Motion for Relief from the Automatic Stay.

Centec argues that cause existed to lift the stay arguably because (1) the Chapter 11 petition was filed in bad faith, since there was no business to reorganize; and (2) the

---

**7.** The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Citing, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

**8.** In *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985), the Court wrote:

The legislative history of the [Arbitration] Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate. We therefore reject the suggestion that the overriding goal of the Arbitration Act was to promote the expeditious resolution of claims. The Act, after all, does not mandate the arbitration of all claims, but merely the enforcement—upon the motion of one of the parties—of privately negotiated arbitration agreements.

continuance of the state court proceedings in the state court would have allowed Centec's claim to be speedily liquidated and would have protected the value of the primary asset.

IVR, on the other hand, argues that the Bankruptcy Court did not err in refusing to allow relief from the automatic stay in this case. IVR contends that the sole ground upon which the Motion for Relief from the Automatic Stay was denied was due to the fact that the Court was granting the Motion to Compel Arbitration. In particular, the Memorandum Opinion states:

> "Also, in view of the holding of the Court herein [compelling arbitration], Centec's motion for relief from the automatic stay, filed April 26, 1990, that it may proceed in this action in the Chancery Court of the First Judicial Circuit of Hinds County, Mississippi, will be denied."

IVR argues that the two grounds upon which Centec seeks reversal of the Bankruptcy Court's Order neither address the merits of the basis of denial of the motion, i.e. the propriety of ordering arbitration. IVR further argues that Centec's brief fails to state the appropriate standard of review and with regard to Centec's first issue (alleged bad faith filing of the Chapter 11 petition) that issue was never decided by the Bankruptcy Court and is therefore not subject to any review, whether under a clearly erroneous or *de novo* standard. Further, as no evidentiary hearing was ever held on this issue, IVR argues that there is no basis for this Court to make any type of independent evaluation of good faith. Upon review of the record, this Court agrees with IVR that the Bankruptcy Court made no finding of a good faith or bad faith Chapter 11 filing such that this Court could form the basis of review on that issue.

With regard to Centec's second issue (the stay should be lifted to allow the pending state court proceeding to continue) IVR argues that this issue is likewise unsupported.

This Court is not without any basis upon which to review this stay issue, the proper standard being *de novo*. A plain reading of the Memorandum Opinion itself suggests that the Bankruptcy Court denied Centec's Motion due to the fact that the Court was ordering the matter to arbitration. Denying the relief from automatic stay would therefore be consistent with the Court ordered arbitration and consistent with the provisions of 9 U.S.C. § 3.[9]

Further, the Bankruptcy Court correctly considered those discretionary factors which warrant a stay in this matter pending arbitration, although the Court applied said factors in the context of justifying arbitration.[10] *See, e.g., In re Guy C. Long, Inc.*, 90 B.R. 99, 102 (E.D.Pa.1988). In that the Bankruptcy Court specifically found that "it is clear to this Court that the dispute could be more speedily resolved through arbitration", it concluded that arbitration the quicker vehicle for dispute resolution as compared to the Mississippi state court. This particular finding is not clearly erroneous.

Accordingly, that portion of the Memorandum Opinion and Judgment Denying Centec Corporation's Motion for Relief from the Automatic Stay is hereby **AFFIRMED** in its entirety.

Finally, this Court addresses whether the Bankruptcy Court erred in denying

---

**9.** 9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

**10.** In particular, the Bankruptcy Court found in its Memorandum Opinion that:

> Compelling arbitration would not adversely effect any legitimate interest of the Debtor nor would it jeopardize the Debtor's ability to formulate a plan or weaken a fragile financial situation ... [f]urther, the underlying action is contractual in nature and does not involve any interpretation of the Bankruptcy Code, even though the theory in Count I of Plaintiff's Complaint is a bankruptcy theory. Further, it is clear to this court that the dispute could be more speedily resolved through arbitration.

Centec's and Fidelity's Motion for Rehearing.

Centec claims that at the hearing conducted on May 10, 1990, the Bankruptcy Court raised the question of its authority to compel arbitration in this matter. Briefs were requested by the Court and Centec submitted its Memorandum in Opposition to the Bankruptcy Court's Authority to Order Arbitration on May 17, 1990. That same day, IVR submitted its Motion to Compel Arbitration and Memorandum in Support. Centec claims that upon receiving notice, it verbally requested time to respond to IVR's motion. However, on May 24, 1990, the Bankruptcy Court rendered its Memorandum Opinion and Judgment compelling arbitration. On May 29, 1990, Centec filed its Response and Opposition to IVR's Motion to Compel Arbitration. Centec argues it was not afforded an opportunity to be heard or present evidence in opposition to IVR's Motion to Compel Arbitration.

In rebuttal, IVR argues that at the hearing on May 10, 1990, IVR's counsel made reference to the arbitration provision in the Centec/IVR Agreement. Upon inquiries by the Court, IVR's counsel advised the Court that while there was no formal motion for arbitration pending, one could be filed. Thereupon, the Court ordered all parties to submit briefs on the issue of arbitration by May 17, 1990. IVR argues that on May 29, 1990, Centec filed a Memorandum in Opposition to IVR's Motion to Compel Arbitration based essentially on two grounds, waiver and prejudice. These two grounds, IVR contends, were identical grounds argued to the Court in Centec's prior May 17th Memorandum in Opposition to the Bankruptcy Court's Authority to Order Arbitration. Consequently, IVR argues that Centec did have the opportunity to argue the appropriateness of the Bankruptcy Court's authority to compel arbitration before the Court ruled on the issue and as such, IVR contends the Court correctly denied rehearing.

This Court finds that Centec did in fact have ample opportunity to assert its objections to arbitration to the Bankruptcy Court through Centec's May 17th Memorandum in Opposition to the Bankruptcy Court's Authority to Order Arbitration. Judge David S. Kennedy, United States Bankruptcy Judge, states in the Order Denying Motion for Rehearing that it is based upon argument of counsel and consideration of the briefs and other documentation supplied in support of the Motion for Rehearing. Centec has not demonstrated to this Court that the Bankruptcy Court abused its discretion in denying the Motion for Rehearing.

Like Centec, Fidelity argues that the Bankruptcy Court ruled on the Motion to Compel Arbitration before reviewing Fidelity's Response and Opposition to the IVR's Motion to Compel Arbitration filed on May 24, 1990. In rebuttal, IVR argues that on May 10, 1990, the Court requested all parties to submit briefs on the issue of arbitration by May 17, 1990. Fidelity did file such memorandum on May 24, 1990 after the May 17th deadline. Fidelity filed no Motion for Extension of Time prior to the May 17th deadline, although one was filed by Fidelity on May 23, 1990. Fidelity did have an opportunity to file objections to arbitration prior to the Court imposed May 17th deadline, but failed to do so. Fidelity cannot be heard now to complain that the Bankruptcy Court failed to consider Fidelity's Response and Opposition to IVR's Motion to Compel Arbitration, since Fidelity failed to assert any objections to arbitration before the Court imposed deadline of May 17th. Moreover, in that the Order Denying Motion for Rehearing is based upon argument of counsel and consideration of the briefs and other documentation supplied in support of the Motion for Rehearing, the Bankruptcy Court was on notice of Fidelity's Response and Opposition to IVR's Motion to Compel Arbitration. Fidelity has not demonstrated to this Court that the Bankruptcy Court abused its discretion in denying the Motion for Rehearing.

Accordingly, the Bankruptcy Court's Order Denying Motion for Rehearing entered on July 3, 1990 is hereby **AFFIRMED** in its entirety.

In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Memorandum Opinion and Judgment entered on May 24, 1990 is **AFFIRMED IN PART and RE-**

**VERSED IN PART.** More particularly, that portion of the Bankruptcy Court's Memorandum Opinion and Judgment ordering Interactive Video Resources, Inc. and Centec Corporation to Arbitration is hereby **AFFIRMED** in its entirety. That portion of the Bankruptcy Court's Memorandum Opinion and Judgment ordering Fidelity and Guaranty Insurance Company to Arbitration is hereby **REVERSED.** That portion of the Memorandum Opinion and Judgment Denying Centec Corporation's Motion for Relief from the Automatic Stay is hereby **AFFIRMED** in its entirety. The Bankruptcy Court's Order Denying Motion for Rehearing entered on July 3, 1990 is hereby **AFFIRMED** in its entirety.

Done and Ordered.