■ NEDA YOUNG et al., Appellants, v MILES JAFFE et al., Defendants, and OTTER POND CONSTRUCTION CO., INC., Respondent. (And a Third-Party Action.) [723 NYS2d 90] —In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated March 14, 2000, which granted the motion of the defendant Otter Pond Construction Co., Inc., to compel arbitration of the plaintiffs' claims against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In January 1993 the plaintiffs retained the services of Norman Jaffe to prepare plans and specifications for a residence to be constructed in Southampton. In May 1993 the plaintiffs hired the respondent, Otter Pond Construction Co., Inc. (hereinafter Otter), to demolish the existing structure at the site and to construct the new residence. When Jaffe died in December 1993, the plaintiffs engaged the firm of Jaffe Boyce LaGuardia, Ltd. (hereinafter JBL) to complete the plans and specifications begun by Jaffe.

In 1998 the plaintiffs commenced separate actions against the Estate of Norman Jaffe (hereinafter the estate) and Otter alleging that there were numerous defects throughout the residence as a result of negligence in its design and construction. Thereafter, the estate commenced a third-party action against JBL, and moved to consolidate the actions. Otter did not oppose consolidation, and by order dated June 17, 1999, the Supreme Court granted the motion. Thereafter, Otter moved to compel arbitration of the plaintiffs' claims against it based on an arbitration clause in its contract with the plaintiffs. The Supreme Court granted that motion. We reverse.

The plaintiffs' claims against the respondent are inextricably intertwined with their claims against the other defendants and should be resolved in the pending legal action (cf., *Brennan v*

*A.G. Becker, Inc.,* 127 AD2d 951; *Steigerwald v Dean Witter Reynolds,* 84 AD2d 905). Accordingly, the motion to compel arbitration should have been denied. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.