■ RONALD B. BRASHEAR, Appellant, v CHRISTOPHER J. PELTO, Respondent, et al., Defendant. [941 NYS2d 348]—

Rose, J. Appeal from that part of an order of the Supreme

Court (Reynolds Fitzgerald, J.), entered August 6, 2010 in Broome County, which denied plaintiff's motion to compel arbitration of plaintiff's claims against defendant Christopher J. Pelto.

Plaintiff opened a brokerage account with defendant TD Ameritrade, Inc. and signed a limited trading authorization allowing his brother-in-law, defendant Christopher J. Pelto, to act as his agent to, among other things, trade securities in the account. By signing the limited trading authorization, the parties agreed to be bound by an arbitration clause contained in the client agreement previously entered into between plaintiff and TD Ameritrade when plaintiff opened the account. When Pelto's trades caused plaintiff to lose over $200,000, plaintiff commenced this action alleging fraud, deceit, misrepresentation and unauthorized trading by Pelto, as well as various causes of action against TD Ameritrade. Pelto counterclaimed, alleging that plaintiff owed him $15,000 on an unpaid loan. TD Ameritrade then moved to compel arbitration of plaintiff's claims against it pursuant to the terms of the arbitration clause in its client agreement with plaintiff. Plaintiff, in turn, moved to compel arbitration of his claims against Pelto based upon the same clause. Supreme Court granted TD Ameritrade's motion and denied plaintiff's motion. Plaintiff appeals only from that part of the court's order denying his motion to compel Pelto to arbitrate.

We affirm. The arbitration clause in the client agreement provides, in relevant part, for the arbitration of any controversy between TD Ameritrade and plaintiff or between TD Ameritrade and plaintiff's agent. By signing the limited trading authorization, Pelto agreed to be bound by the arbitration clause, but his agreement to arbitrate is limited to his—or his principal's—disputes with TD Ameritrade. Pelto cannot be compelled to arbitrate disputes between himself and plaintiff without an express, unequivocal agreement to do so (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]; *Matter of Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333 [1978]; *Brennan v A. G. Becker, Inc.*, 127 AD2d 951, 952 [1987]). Plaintiff's reliance on *Merrill Lynch Intl. Fin., Inc. v Donaldson* (27 Misc 3d 391, 396 [2010]) is misplaced in the absence of any relationship between Pelto and TD Ameritrade that would give rise to a finding of incorporation by reference, assumption, agency, alter ego, or estoppel. The mere interrelated nature of plaintiff's claims against Pelto and TD Ameritrade is insufficient alone to subject Pelto to the arbitration agreement (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d at 340 [1998]).

Mercure, A.P.J., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.