Alexander Del Gtorko, J",
This is a claim to recover damages for personal injury sustained hy claimant Anne J. Barker and for property damage to an automobile owned by claimant Herbert A. Barker as a result of the alleged negligence of the State.
Claimant Anne J. Barker testified that on May 23, 1956, between 11 ;00 a.m, and 11:30 a.jvl, she was driving- an automobile owned by her husband south on the Taconic State Parkway, She was in the left-hand lane, proceeding at a speed of 30 to 35 miles per hour, and was accompanied by two of her children, one eight and the other three years of age, There was no traffic in the Immediate vicinity, either northbound or southbound. At a point about one quarter of a mile north of Croton Elver Bridge, the car hit a hole in the road, causing the steering wheel to be twisted from her grasp. She did not see the hole in the road, but she felt a wheel of the car drop, The car overturned and crashed through a guardrail on the right side of the road. She testified that she believed the hole in the road was about eight inches deep. Shortly after the accident, State troopers arrived at the scene and took claimant and her children to the emergency room of White Plains Hospital. The children were unhurt, and *192 neither they nor claimant were examined. After the lapse of 20 minutes to a half hour, her husband arrived from New York in response to a call from the hospital authorities. At her request, he took her home. She then called her doctor on the telephone, and he advised the use of heating pads for the bruises on and aches in her left arm and both legs. She was incapacitated for one week, and the pain continued for one additional week. She had no further medical attention.
On cross-examination, she testified that Boute 129 where the accident occurred is about 100 to 200 feet north of the Croton River Bridge, whereas the bill of particulars alleged that it was one quarter of a mile north of Route 129. She did not inspect the hole in the road after the accident. The visibility was good, even though it was raining. The hole in the road was between two lanes, and there were no objects on the road. The car broke the guardrail. In a prior period of six months, she had travelled along this highway six or seven times.
Claimant Herbert A. Barker, a' detective lieutenant, State Railway Police, New York Central Railroad, testified that he purchased the automobile, a 1953 Ford Victoria hardtop convertible, in January, 1954, at a price of $2,990.
When he arrived at the hospital emergency room, the nurse told him his wife had quieted down after being given some aspirin and pills, and that the children apparently had not been injured. They left the hospital in a car belonging to someone else. On the way home, his wife indicated to him the broken guardrail and the spot where the accident had occurred. The same day, he returned to the area. He saw the hole in question, and an open crack dividing the two lanes. He saw also some places which appeared to have been patched previously, and other unpatched holes, most of them of smaller size. He had been over the area in his car many times before, and had felt bumps in traversing it at the point where the accident occurred. The car was completely demolished.
On cross-examination, he testified that there was a hole in the road, three feet to the right from the center line of the roadway which was about four inches deep and five or six inches in width.
On redirect, he testified that the car was sold for salvage for $360.
Albert W. Barnes, used car manager for Larsen Ford in White Plains, testified that he has been in the business of buying and selling cars since 1945 and that the value of the car on the day of the accident was between $1,400 and $1,500. On cross-examination, he admitted that he had not inspected the car prior to the accident.
*193 It is to be noted that no medical evidence was introduced and no medical opinions elicited to establish causal connection, nor were any photographs of the scene of the accident offered.
The State moved to dismiss on the ground that no prima facie case had been presented, and then rested. Renewing the motion, the State moved for dismissal also on the ground that the State had no notice.
While the presentation of this case on the part of both claimant and State leaves much to be desired, nevertheless the court feels that the proximate cause of the accident was the negligence of the State. The uncontradicted proof shows that there was a general condition on the roadway of ruts, cracks and holes, and that there was one hole at least four inches deep and five or six inches in width, sufficient to have caused the accident. This condition had existed for some time prior to the accident. The location of the hole which caused the accident has been established sufficiently. (Lawrence v. State of New York, 281 App. Div. 922.)
The evidence presented by claimant indicates that there was a generally poor condition on the roadway, that there were no other cars or objects on the highway, that claimant Anne Barker was traveling at a reasonable rate of speed, that there was a guardrail broken by the automobile and that there was one hole in the road of sufficient size to have caused the accident. Claimants have shown the only possible cause of the accident, and have presented facts and circumstances from which the State’s' negligence may be reasonably inferred. (Swensson v. New York, Albany Desp. Co., 309 N. Y. 497, 502; Betzag v. Gulf Oil Corp., 298 N. Y. 358, 365.) They were not required to offer evidence which positively excluded every other possible cause of the accident. (Rosenberg v. Schwartz, 260 N. Y. 162, 166.)
The State presented no evidence whatever.
Accordingly, the court awards claimant Anne J. Barker the sum of $200 for the personal injuries sustained by her, and the claimant Herbert A. Barker the sum of $1,000 for the damage to the automobile owned by him. All motions heretofore made by the State on which decision was reserved are hereby denied.