■ THOMAS P. MULLEN, Respondent, v. SINCLAIR REFINING COMPANY, Appellant. (And 6 Other Actions.) — *Per Curiam.* Appeals by defendants Sinclair Refining Company and Henry Jacobs, doing business as Transport Oil Company, from judgments of the Supreme Court entered in Schenectady County in a number of negligence actions, upon a decision of the court at a Trial Term without a jury, in favor of plaintiffs Thomas P. Mullen, Anne Mullen and John De Novio, for damages caused by a fire which destroyed a building and its contents; and by defendant Jacobs from so much of a judgment of said court, entered upon a decision, as awarded property damage to plaintiff Valentino; all of the damages awarded arising from an accident which occurred when a tractor-trailer transporting gasoline collided with the building, which ignited when the gasoline exploded. The issues respecting negligence were not con-tested and the only issue presented was that of damages. The plaintiff Valen-tino, who resided on the premises, recovered $4,500 damages for personal injuries, and that award is not contested. His recovery of the additional sum of $5,254 for property damage cannot be sustained. This amount was found to have been the value of his clothing, personal effects, cash and small appli-ances destroyed in the fire, but it actually represented their cost, without regard to their age, use, deterioration or depreciation. It is true, of course, that prop-erty of this nature, which is shown to have no true market value, may be appraised at its actual or intrinsic value, that is, its value to the owner, and upon any such appraisal the element of cost is a relevant and important factor, but cost is not the measure of damage. (*Jones* v. *Morgan,* 90 N. Y. 4, 10–11; *Furlan* v. *Rayan Photo Works,* 171 Misc. 839, 840; 13 N. Y. Jur., Damages, §§ 100, 102; 9 Encyc. N. Y. Law, Damages, § 187, pp. 170–172.) It is clear, then, that the trial court's stated conclusion that depreciation is not a factor to be taken into consideration is in error; and the fact, as noted by the trial court, that this plaintiff's proof respecting the cost prices of the items of his clothing and other property was not contradicted did not serve to supply or excuse plaintiff's failure to sustain the burden of proof respecting such factors as the property's age, use, wear and tear, deterioration and depreciation. It follows that a new trial must be had with respect to the issue of plaintiff Valentino's property damage. The award of $30,460 in favor of Thomas P. Mullen included $30,000 damages for the destruction of his building. In fixing this item of damage, the trial court accepted the testimony of plaintiff's expert, as it was warranted in doing, and the only objection of any substance interposed by appellants is not to this proof but to the court's rejection of their expert's evidence; but this, too, was within the province of the trier of the facts and we find no reason to disturb his determination. The $30,460 recovery included, also a proper award of $140, as the cost of cleaning up debris, and an award of $320 which was improper as constituting the cost of storm windows and venetian blinds, without regard to market value, or the factor of depreciation, which in this case would be reflected in market value. The judgment in favor of Thomas P. Mullen must be affirmed as to $30,140 thereof, and interest, and a new trial directed with respect to the issue of damages sustained by reason of the destruction of storm windows and venetian blinds. The plaintiff Anne Mullen, the lessee of space occupied as a branch post office, which she managed

under a three-year contract with the United States Post Office Department, recovered $4,038 as loss of profits for the remaining 28½ months of the contract term. The testimony established an annual profit of $1,700 from the contract payment of $5,400 per annum and the award was warranted. (*See Steitz* v. *Gifford,* 280 N. Y. 15, 20; 13 N. Y. Jur., Damages, § 108.) The plaintiff Anne Mullen recovered the additional sum of $3,559 for the post-office equipment owned by her and destroyed in the fire; this business equipment having been purchased many years before, being from 13 to 16 years old, and including such items as an adding machine, desk, tables, partitions, drawers and cleaning equipment. As damages, the trial court awarded the cost paid by plaintiff for the equipment without regard to its market value at the time of its destruction. Market value would, of course, reflect ordinary depreciation, as well as deterioration due to use and wear and tear; and in this case it was stipulated that an accountant, if called, would testify "that the standard deduction for office furniture and equipment is 10 per cent per annum"; but the trial court mistakenly equated cost and market value and erroneously considered that depreciation "is not a factor to be taken into consideration". We do not intend to indicate that this property, if fully depreciated for accounting or other purposes, of necessity had no market value; but, absent unusual circumstances, its cost, as of dates many years before, although a proper subject of proof, would not necessarily or ordinarily represent the price at which it could have been sold on the open market on the day of the fire. It follows that a new trial must be had of the issue respecting plaintiff Anne Mullen's damages for destruction of business equipment. The award to plaintiff John De Novio, the lessee of space in which he operated a restaurant, of $30,887.70 for the loss of his restaurant equipment and supplies is also defective and must be reversed. The basis of plaintiff's expert's appraisal, whether predicated on cost or on some other factor, does not appear and to this extent plaintiff has not sustained the burden of proof; but, in any event, the trial court explicitly denied "any deduction for depreciation", thus, apparently, repeating the error noted in the case of plaintiff Anne Mullen's business equipment. The award of $43,500 to this same plaintiff for loss of profits for the period of two years and seven and one-half months remaining of the leasehold term must also be set aside. Unlike the situation of Mrs. Mullen under her contract with the Government, whereby her income was fixed and assured for the remainder of the period of the contract, the term of Mr. De Novio's lease was not shown to bear any reasonable relationship to his business profits or losses. Upon retrial, there must be applied the usual test of proximate cause. Judgment in favor of Joseph Valentino modified, on the law and the facts, so as to reduce the amount thereof to $4,500 and to direct a new trial of the issue of damages sustained by reason of the destruction of personal property, and, as so modified, affirmed, without costs. Judgment in favor of Thomas P. Mullen modified, on the law and the facts, so as to reduce the amount thereof to $30,140 and appropriate interest and to direct a new trial of the issue of damages sustained by reason of the destruction of personal property, and, as so modified, affirmed, without costs. Judgment in favor of Anne Mullen modified, on the law and the facts, so as to reduce the amount thereof to $4,038 and appropriate interest and to direct a new trial of the issue of damages for the destruction of personal property, and, as so modified, affirmed, without costs. Judgment in favor of John DeNovio reversed, on the law and the facts, and a new trial, limited to the issue of damages, directed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam*; Aulisi, J., not voting.