■ MARSHALL E. AURNOU, Respondent, v JOSEPH W. CRAIG et al., Appellants.—Judgment unanimously reversed on the law without costs and new trial granted in accordance with the following Memorandum: Supreme Court properly granted partial summary judgment on liability in plaintiff's favor and properly imposed a monetary sanction pursuant to CPLR 8303-a for the unjustified continuance of frivolous defenses. Defendant Craig admitted that he momentarily took his eyes off the road and traffic ahead as he reached down to retrieve a package that had fallen off the seat. When he looked back to

the road and observed that plaintiff's vehicle was stopped for a red light, he was unable to stop and his vehicle struck the rear of plaintiff's vehicle. Although this was a negligence action, summary judgment under the circumstances was proper (see, Andre v Pomeroy, 35 NY2d 361; Opalek v Oshrain, 33 AD2d 521).

The court also exercised its discretion properly in permitting plaintiff to testify as an expert witness. Although plaintiff's name did not appear on the list of expert witnesses exchanged prior to trial pursuant to CPLR 3101 (d) (1), the nature of plaintiff's qualifications as an expert and the substance of his testimony were disclosed at an examination before trial, and the court limited plaintiff's testimony to the scope of that prior examination. Thus, defendants were neither surprised nor prejudiced by such testimony. We also reject defendants' contentions that the trial court erred by denying defendants' motion to dismiss at the close of plaintiff's proof of damages and that defendants were prejudiced by references to insurance coverage during the trial of the issue of damages.

The trial court erred, however, by admitting into evidence a "technical assessment" report purporting to constitute the opinion of four experts that plaintiff's vehicle was rendered structurally unsound and a total loss as a result of the accident. Plaintiff testified that he prepared the report, and one of the persons who signed the report testified regarding the report and his opinion. The remaining three persons who signed the report did not testify. A party may not bolster the testimony of a witness by offering prior consistent written statements of that witness (see, Richardson, Evidence § 519 [Prince 10th ed]). Moreover, because the report purported to reflect the independent expert opinion of all four signatories, three of whom did not testify, the report constituted hearsay and should not have been admitted (see, City of Niagara Falls v Hartford Fire Ins. Co., 116 AD2d 1019; Schelberger v Eastern Sav. Bank, 93 AD2d 188, affd 60 NY2d 506).

The court also erred in allowing plaintiff's counsel to comment upon a magazine article during summations. The article was not admitted into evidence, and counsel's suggestion that the substance of the article would support plaintiff's testimony regarding the structural integrity of his car was improper and highly prejudicial. Whether the three-month-old vehicle was a total loss or capable of repair was a major issue at trial, and the errors were not harmless.

The trial court erred in denying defendants' posttrial mo-

tion to set aside portions of the jury verdict awarding damages. The court properly instructed the jury that, when an automobile is totally destroyed, the measure of damages is the reasonable market value immediately before destruction, less the salvage value of the wreckage *(see, Barker v State of New York,* 32 Misc 2d 191; 7C Warren, Negligence in New York Courts, Personal Property Lost, Destroyed, or Injured, § 8.01 [1]). Plaintiff testified that, in his opinion, the salvage value of his vehicle was $1,578 and also testified that in negotiating the purchase of a new vehicle, he was allowed $2,561 as the trade-in value of the damaged car. The jury, in rendering its award for damages to the vehicle, failed to deduct any amount for salvage value. Although plaintiff testified regarding the original or replacement cost of personal property that was in the trunk of his vehicle, he proffered no evidence regarding the value of those items immediately prior to the accident. Each of the items was at least two years old, and plaintiff was entitled to an award of damages compensating him for the depreciated value of those items *(see, Mullen v Sinclair Ref. Co.,* 32 AD2d 1000; 7C Warren, Negligence in New York Courts, *op. cit.,* § 3.01 [2]). Further, plaintiff was entitled, even though the vehicle was a total loss, to the costs of towing, storage, insurance and loss of use of the vehicle, but only for those costs incurred from the date of the accident until the expiration of a reasonable time for obtaining a replacement vehicle *(see, Allanson v Cummings,* 81 AD2d 16). In assessing what constitutes a reasonable time, the jury should consider market conditions, any delay by the insurer in inspecting and appraising the damaged vehicle, and plaintiff's resultant financial inability to replace it *(see, Cecere v Harquail,* 104 AD2d 6). The trial court's instructions failed to apprise the jury of those factors relevant to a determination of "reasonable time" and failed to apply that time period to the towing, storage and insurance items of alleged damage. Therefore, we grant a new trial on damages. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Negligence.) Present—Denman, P. J., Boomer, Pine, Balio and Boehm, JJ.