■ ALBERT G. WILSON, Respondent, v GEM PAWNBROKERS MANHATTAN CORPORATION, Appellant.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.) entered September 3, 1991, which, after a non-jury trial, awarded plaintiff a total of $29,459.21, unanimously affirmed, with costs.

Plaintiff proved at trial that he pledged $16,200 in jewelry to defendant for a loan of $1,800, and that the goods pledged were not returned. The burden then shifted to defendant, to prove by a preponderance of the evidence, that it was not at fault *(see, Art Masters Assocs. v United Parcel Serv.,* 77 NY2d 200, 210-212 [Titone, J., dissenting]). Defendant attempted to meet that burden by seeking to prove that the goods pledged were stolen from defendant's former employees in a gunpoint robbery. However, there was an absence of evidence in admissible form to show how the goods pledged were lost.

A term of the pawn agreement, printed in English on the pawn ticket and posted on two signs, limiting liability in this case to twice the amount of the loan ($3,600), is inapplicable. A contractual limitation upon liability is of no force or effect in an action where conversion is shown *(I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657).

We have considered defendant's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.