■ BEVERLY NENNO, as Executrix of W. DAVID NENNO, Deceased, et al., Respondents, v BLUE CROSS & BLUE SHIELD OF WESTERN NEW YORK, Appellant, et al., Defendant. (Appeal No. 1.) [757 NYS2d 165] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered October 19, 2001, which temporarily enjoined defendant Blue Cross & Blue Shield of Western New York from terminating private duty nursing care provided to plaintiff Jeffrey Nenno and denied its cross motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: W. David Nenno maintained health insurance through Blue Cross & Blue Shield of Western New York (defendant) for himself and for his son, plaintiff Jeffrey Nenno, who was born with cerebral palsy-quadriplegia. Pursuant to

the original insurance contract, Jeffrey was insured as a disabled dependent and was entitled to $3,000 per year for private duty nursing care and unlimited care in a skilled nursing facility. In October 1986 the Nenno family hired a private duty nursing agency to provide skilled nursing care for Jeffrey in the family's residence. It is undisputed that defendant agreed to cover the cost of that care because that cost was less than the alternative cost of unlimited care in a skilled nursing facility. Between October 1986 and August 1993, the Nenno family continued to employ registered nurses to provide private duty nursing care for Jeffrey, and defendant continued to approve and cover various amounts of such care and the cost thereof. By May 2001 Jeffrey was receiving 16 hours of private duty nursing care per day. At that time, defendant notified Jeffrey that, based on a physician consultant's review of his medical records, private duty nursing care was not medically necessary and thus was not justified. In the opinion of the physician consultant, Jeffrey's needs could be met by someone in the home other than a nurse. Defendant's decision was appealed, and defendant's utilization review agent upheld the decision, noting that a second-level appeal or an external appeal could be requested. Following an adverse second-level appeal, Jeffrey requested an external appeal pursuant to Insurance Law article 49. The external appeal agent determined that defendant's decision that Jeffrey does not require private duty nursing care was reasonable because there was no evidence "that the care is anything beyond custodial."

Plaintiffs thereafter commenced this action for breach of contract and breach of implied contract, and also moved by order to show cause for a preliminary injunction enjoining defendant from terminating private duty nursing care. Defendant cross-moved to dismiss the complaint based on res judicata or collateral estoppel, contending that the determination of the external appeal agent is binding and therefore precludes this action. Defendant contended in the alternative that the relief demanded by plaintiffs was not available under the insurance contract and that there could be no cause of action for breach of an implied contract because a written insurance contract was in place. In appeal No. 1, defendant appeals from an order that, inter alia, denied its cross motion to dismiss the complaint and, in appeal No. 2, defendant appeals from an order denying its subsequent motion to confirm the determination of the external appeal agent. In seeking to confirm the determination, defendant contended that it constituted an arbitration award and that plaintiffs had not moved to vacate or modify the award pursuant to CPLR 7511. We affirm both orders.

Contrary to defendant's contention with respect to both appeals, plaintiffs' action is not barred by Insurance Law § 4914. Although Insurance Law § 4914 (b) (4) (A) (iv) provides that the determination of an external appeal agent shall be "binding on the plan and the insured," the statute also provides that the external appeal agent's determination shall "be admissible in any court proceeding" (§ 4914 [b] [4] [A] [v]). Significantly, Insurance Law § 4907 provides that "[t]he rights and remedies conferred in this article upon insureds and health care providers shall be cumulative and in addition to and not in lieu of any other rights or remedies available under law." The Legislature has thus made clear that insureds and health care providers are entitled to pursue all of their rights and remedies available in a court of law, regardless of whether they have sought and obtained an external appeal.

Also contrary to defendant's contention with respect to appeal No. 1, Supreme Court properly refused to dismiss the complaint on the alternative ground that the relief demanded by plaintiffs is not available. The factual allegations of the complaint, taken as true and afforded every possible inference favorable to plaintiffs (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *see also MRI Mgt. Recruiters of Mohawk Val. v Cowan,* 277 AD2d 921 [2000]), state causes of action for breach of contract and breach of implied contract. We agree with defendant that, where there is an express contract covering the dispute, there can be no recovery under a theory of implied contract (*see SAA-A, Inc. v Morgan Stanley Dean Witter & Co.,* 281 AD2d 201, 203 [2001]). Here, however, defendant modified Jeffrey's home-based private nursing care benefit, and such modification is memorialized in correspondence dated August 13, 1993, wherein defendant approved 10 hours per day of private duty nursing care for Jeffrey. Thus, the court properly concluded that the express contract may not wholly cover the dispute (*see generally Berlinger v Lisi,* 288 AD2d 523, 524-525 [2001]).

Finally, we reject defendant's contention with respect to appeal No. 2 that the external appeal constitutes a binding arbitration to which the parties agreed in the insurance contract. The insurance contract does not contain an agreement to arbitrate (*see generally Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202 [1995], *rearg denied* 85 NY2d 1033 [1995]) in clear, explicit, and unequivocal language (*see TMP Worldwide v Franzino,* 269 AD2d 332 [2000]; *see generally Steigerwald v Dean Witter Reynolds,* 84 AD2d 905, 906 [1981], *affd* 56 NY2d 621 [1982]; *Matter of*

*Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333-334 [1978]). Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.