OPINION OF THE COURT
Per Curiam.
Judgment, entered on or about September 7, 2004, affirmed, without costs.
Defendant insurer’s primary contention on appeal, i.e., that this small claims action for reimbursement of medical expenses is precluded by Insurance Law § 4914 (b) (4) (A) (iv) is without merit. That same argument was raised and expressly rejected by the Appellate Division, Fourth Department, in Nenno v Blue Cross & Blue Shield of W.N.Y. (303 AD2d 930, 932 [2003], rearg denied 306 AD2d 960 [2003]), a decision binding on this court (see Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]). Although section 4914 (b) (4) (A) (iv) provides that the determination of an external appeal agent shall be “binding on the plan and the insured,” the statute also provides that the external review agent’s determination shall be “admissible in any court proceeding.” (Insurance Law § 4914 [b] [4] [A] [v].) Moreover, Insurance Law § 4907 provides that “[t]he rights and remedies conferred [under] this article upon insureds and health care providers shall be cumulative and in addition to and not in lieu of any other rights or remedies available under law.” In order to harmonize the two sections, the provision making the external appeal agent’s determination binding must be construed to mean that it marks the end of any administrative appeal (see e.g. Matter of Vellios v IPRO, 1 Misc 3d 468 [2003]), and not as the dissent urges, to find that the determination constitutes prima facie evidence in any court proceeding.
As to the merits of plaintiffs claim, there is ample support in the record for the court’s determination that defendant failed to satisfy its burden of showing that plaintiffs claim fell within a policy exclusion (see Neuwirth v Blue Cross & Blue Shield of Greater N.Y., Blue Cross Assn., 62 NY2d 718, 719 [1984]). Plaintiff submitted competent medical evidence establishing that a bilateral mastectomy was necessary to eliminate his 17-year-old son’s gynecomastia, or enlarged breast, described by his medical expert as a “deformity,” which caused the son to suffer from emotional distress and depression, and inhibited his “psychosocial development.”
*92 Defendant, for its part, without calling any medical expert to testify, merely relied upon the external appeal agent’s and its own prior determination that the surgical procedure was not medically necessary because plaintiff did not “document a significant functional problem secondary to the enlarged breasts.” This was insufficient to sustain its burden of showing that the policy’s exclusionary clause was applicable, particularly where its own documents indicated that it was “certainly reasonable that the patient has emotional distress from his breast size,” and in the absence of any policy definition of the term “functional defect.” In these circumstances, the trial court correctly construed the functional defect requirement “according to the precepts of common speech and the reasonable expectation and purpose of the ordinary individual” (see Simons v Blue Cross & Blue Shield of Greater N.Y., 144 AD2d 28, 33 [1989], lv denied 74 NY2d 603 [1989]).
The dissent articulates the issue raised as “whether plaintiff established that the surgical procedure was ‘medically necessary.’ ” (At 92.) However, since the case involved the applicability of an exclusionary clause in an insurance policy, the burden was ultimately on defendant to prove that it could invoke the policy exclusion to deny plaintiffs claim.
Nor is appellate intervention warranted merely because the medical necessity issue raised by defendant may be arguable. “[A] small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court’s determination clearly erroneous” (Schiffman v Deluxe Caterers of Shelter Rock, 100 AD2d 846, 846-847 [1984]). The record herein establishes that the trial court’s determination met the governing “substantial justice” standard (CCA 1804, 1807).