McCooe, J.
(dissenting). Plaintiffs coverage under the Group Health insurance plan was limited to “medically necessary” services and excluded cosmetic surgery except reconstructive surgery which is not present here. Following the denial of the requisite preapproval for the surgical procedure and both an adverse internal and external appeal, the surgical procedure was performed. The plaintiff commenced this action seeking reimbursement for the medical expenses of the surgery.
The issue is whether the plaintiff established that the surgical procedure was “medically necessary.” The essence of *93 plaintiff’s claim is that his son’s enlarged breasts were an embarrassment to his son and prevented him from taking off his shirt and engaging in certain activities.
The judgment of the trial court should be reversed because its written decision failed to consider Insurance Law § 4914 (b) (4) (A) (iv) and (v), which provides that an external appeal determination “shall be binding on . . . the insured” and shall “be admissible in any court proceeding.” Furthermore, there was a failure to establish that the surgical procedure was a medical necessity rather than elective cosmetic surgery.
The external appeal statute (Insurance Law art 49) provides for an independent panel of medical specialists (external appeal agents) supervised by the New York State Insurance Department to review adverse findings from internal appeals by insurance providers. The external appeal agent agreed that the surgical procedure was not medically necessary and with the denial of coverage. The principal basis for the denial of the claim by the external appeal agent was that the surgical procedure was cosmetic and there was no substantiation of a psychological problem from the enlarged breasts by a psychiatrist or psychologist. It is undisputed that the plaintiff’s son never saw either specialist or received any psychological treatment from any medical professional including his pediatrician.
The report of the independent external appeal agent which is in evidence reads in part:
“The primary intention of this procedure is to improve appearance, and therefore, it is not covered by the insurer . . . Based on the submitted information, however, reduction mammoplasty is not medically necessary because a physiologic functional problem is not documented. It is possible that the procedure may be necessary for the patient’s psychological well-being, but documentation from a mental health professional] would be necessary prior to making such a determination.”
While the external review statute provides that this determination is binding on the insured and admissible in any court proceeding, it also provides that the insured does not waive any rights in a court proceeding by availing himself of an external appeal (Insurance Law § 4907). While these two sections appear inconsistent, they can be reconciled by interpreting the statute so as not to limit the insured’s right to commence an action but to find the panel’s “binding” determination prima facie evidence *94 in any court proceeding. Any other interpretation would render the “binding” determination language surplusage.
Two principles of statutory construction are relevant to reach this result. McKinney’s Consolidated Laws of New York, Book 1, Statutes §§ 98 and 231 read as follows:
“§ 98. All parts to be harmonized and given effect “a. Generally
“All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof.”
“§231. Every word to be given effect “In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning.”
There is no controlling case law on the interplay between the two Insurance Law sections. Nenno v Blue Cross & Blue Shield of W. N.Y. (303 AD2d 930 [4th Dept 2003], rearg denied 306 AD2d 960 [4th Dept 2003]) quotes the statute as giving binding effect to the panel determination in passing but does not consider or integrate it into its decision. The trial court in this case did not make any reference to the statute or the “binding” effect of the panel’s determination in its written decision. Therefore it did not consider it. Two lower cases which proceeded on the basis of arbitration principles were overruled by Nenno (supra), and a companion Nenno case (303 AD2d 933 [4th Dept 2003]).
Comparing a repealed statute establishing a medical malpractice panel and the evidentiary value of its finding at the trial highlights the legislative intent that the panel determination in this case should not be disregarded (Judiciary Law former § 148-a). The statute read that the recommendation of the malpractice panel “shall not be binding” but “accorded such weight” as the trier of facts chose (Judiciary Law former § 148-a [8]). The statute under consideration specifically provides that the determination of the external appeal agent is “binding.”
The plaintiffs son’s pediatrician testified that she viewed the enlarged breasts as a deformity and that he was suffering emotional pain that was limiting his life. Her opinion was considered at all review levels including by the external appeal *95 agent who stated that the procedure is not medically necessary because “he does not have a significant functional problem secondary to the enlarged breasts . . . ,” that the chart notes indicate the procedure is to “improve appearance,” and that he has not seen a health professional from a “psychological standpoint.” The pediatrician never treated her 17-year-old patient for a psychological problem.
The trial court found that the plaintiffs son had the requisite “functional defect” to justify the surgical procedure by over-broadly defining “it as any impairment in Scott’s functioning as a normal adolescent” distinguishing “diminutive breasts on an adolescent female, all of which are relatively common and often lead to elective and cosmetic treatment.” Under the trial court’s ruling, removal of a scar, mole or even excessive facial hair on a woman which causes embarrassment would be covered without psychiatric documentation. Embarrassment is insufficient to establish medical necessity.
The complaint should be dismissed upon the ground that the plaintiffs son failed to prove a psychological condition caused by his enlarged breasts which constituted a medical necessity to justify the surgical procedure. It is undisputed that he never saw a psychiatrist, psychologist or any medical professional including his pediatrician for a psychological problem related to his enlarged breasts. Furthermore the trial court failed to consider Insurance Law § 4914 (b) (4) (A) (iv) and (v) and the binding effect of the determination of the external appeal agent. Substantial justice has not been done “according to the . . . principles of substantive law” (CCA 1804, 1807; Lee v Consolidated Edison Co. of N.Y., 98 Misc 2d 304 [App Term, 1st Dept 1978]; Rollock v Gerald Modell Inc., 169 Misc 2d 663 [App Term, 1st Dept 1996]).
The judgment should be reversed and the complaint dismissed.
Suarez, EJ., and Gangel-Jacob, J., concur; McCooe, J., dissents in a separate memorandum.