■ STEVEN A. SCHULMAN, Respondent, v GROUP HEALTH INCORPORATED, Appellant. [833 NYS2d 62]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered March 29, 2006, which affirmed a judgment of Civil Court (Small Claims Part), New York County (Barbara Jaffe, J.), entered on or about September 7, 2004, after a nonjury trial, awarding plaintiff the principal sum of $5,000, unanimously affirmed, with costs.

This action against a health insurer to recover medical expenses requires an interpretation of apparently conflicting provisions of a nine-year-old legislative enactment (L 1998, ch 586).

Insurance Law § 4914 (b) (4) (A) (iv) provides that the determination of an external appeal agent shall "be binding on the plan and the insured," while clause (v) provides that the external review agent's determination shall "be admissible in any court proceeding." Statutory terms related to the same subject matter must be construed together so as to make a coherent whole (McKinney's Cons Laws of NY, Book 1, Statutes § 97), reconciling the apparently conflicting provisions in a manner most consistent with the overall legislative intent (Statutes § 98; *Levine v Bornstein*, 4 NY2d 241, 244 [1958]).

These two clauses were harmonized in *Nenno v Blue Cross & Blue Shield of W. N.Y.* (303 AD2d 930, 932 [2003]) and *Matter of Vellios v IPRO* (1 Misc 3d 468 [2003]) by construing clause (iv) not as a bar to judicial review but as marking the end of the administrative review process. The legislative history (*see* Senate Mem in Support and Governor's Mem approving L 1998, ch 586, 1998 McKinney's Session Laws of NY, at 1977 and 1480, respectively) expressed concern that coverage disputes were being decided by the courts, a costly process for both consumers and insurers. The primary purpose of this external appeal law was to create a new layer of independent and impartial administrative review, which did not previously exist, and which would provide consumers with a low-cost, expedited review option in addition to the courts (*cf.* Insurance Law § 4907 [rights and remedies conferred in this article are cumulative and in addition to, not in lieu of, any other rights and remedies available under law]; *see Nenno*, 303 AD2d at 932). Defendant's argument that the external review determination precludes an insured from seeking redress in the courts is without merit and flies in the face of both the statutory scheme and the legislative intent of these provisions. Defendant's interpretation provides no mechanism for review of either erroneous or arbitrary determinations by external review agents, a result that is not only inconsistent with the purpose of these statutory provisions, but would be detrimental to both insureds and insurers.

Turning to the merits, plaintiff seeks reimbursement for a bilateral mastectomy performed on his 17-year-old son, who was suffering from a condition known as gynecomastia, or enlarged breasts. The burden is on the insured to show that a policy was in force at the time a claim arose (*Moneta Dev. Corp. v Generali Ins. Co. of Trieste & Venice*, 212 AD2d 428, 429 [1995]), and on the insurer to show that the claim is excluded from coverage (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]). Under the policy in question, medically necessary services are defined, inter alia, as services provided for the direct care or treatment of the condition, disease or injury, not in excess of the care indicated by generally accepted standards of good medical practice, and not furnished primarily for the convenience of the patient, his family or the provider. The policy contains an exclusion for "elective cosmetic surgery or treatment which is primarily intended to improve [the insured's] appearance." An exception to this exclusion exists for "reconstructive surgery because of congenital disease or anomaly of a covered child which has resulted in a functional defect." The term "functional defect" is not defined.

As Appellate Term found, the trial court's determination that plaintiff established a prima facie case with, inter alia, medical evidence provided by the son's pediatrician and plastic surgeon, describing the son's gynecomastia as a "deformity" that caused him to suffer emotional distress and depression, inhibiting his "psychosocial development," was not "clearly erroneous" (*Schiffman v Deluxe Caterers of Shelter Rock*, 100 AD2d 846, 847 [1984]), and otherwise satisfied the governing substantial justice standard (*see Williams v Roper*, 269 AD2d 125, 126-127 [2000], *lv dismissed* 95 NY2d 898 [2000]). Defendant, relying simply on the determination of the external appeal agent that the mastectomy could not be deemed medically necessary absent evidence of "a significant functional problem secondary to the enlarged breasts," failed to sustain its burden of showing that the exclusion for cosmetic surgery applied.

Defendant's argument that plaintiff's claim of emotional distress must fail since it is not supported by a mental health professional is particularly disingenuous. The condition suffered by plaintiff's son was characterized by plaintiff's medical providers as a "deformity" and, particularly in the case of a 17-year-old male, clearly a devastating condition with "psychosocial" consequences. It is absurd to deny coverage on the grounds that plaintiff's son did not provide support from a mental health professional, particularly where the external review decision itself acknowledges that the patient suffers "depression" and "emotional distress" from this condition.

We have considered defendant's other arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.