Anna N. Brown, Respondent, 
against
Carlton Wilson, Defendant. CARLTON WILSON, Purported Nonparty-Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered October 30, 2013. The order denied a motion by Carlton Wilson, a purported nonparty, to, in effect, vacate a restraining notice issued pursuant to an amended judgment entered against defendant Carlton Wilson.




ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination, following a hearing, of the motion by Carlton Wilson, a purported nonparty, in effect, to vacate the restraining notice.
In 2006, plaintiff commenced a small claims action for unpaid rent and damages with respect to an apartment in Queens that she had rented to defendant Carlton Wilson. Both parties consented to arbitration, and plaintiff obtained a $5,000 judgment. In 2010, plaintiff moved, by order to show cause, to amend the caption of the small claims action to change defendant's address to 458 Columbia Street, Apt. 3F, Brooklyn, New York 11231. Plaintiff's unopposed motion was granted, and an amended judgment was issued.
In June 2013, Carlton Wilson, of 458 Columbia Street, Apt. 1D, Brooklyn, New York 11231 (appellant), made a pro se application, in effect, to vacate a restraining notice that had been placed on his bank account. In a supporting affidavit, appellant stated that he did not know plaintiff, had never resided in Queens, and had first learned of the action when a restraint had been placed on his bank account. The Civil Court interpreted appellant's motion as one to vacate the amended judgment and denied the motion without a hearing. 
Appellant thereafter retained counsel and moved for the same relief. Appellant did not challenge the validity of the judgment, but denied that he had ever lived in Queens or been plaintiff's tenant. Appellant stated, and submitted documentation to show, that he lived at 458 Columbia Street, Brooklyn, New York, but in apartment 1D, not apartment 3F, which was the address stated on the amended caption of the action. Appellant further stated, upon information and belief, that a different individual who also had the surname "Wilson" lived at 458 Columbia Street, Apt. 3F, Brooklyn, New York 11231. In opposition, plaintiff stated that since defendant had failed to pay the judgment, she had hired HR Recovery Group to collect the judgment and [*2]they had located defendant at the Columbia Street address. 
The Civil Court denied appellant's motion, and this appeal ensued. 
In his motion, appellant argued that he was not the judgment debtor and that there was therefore no basis for placing a restraint on his bank account. A restraining notice is intended to reach only the property of the judgment debtor (see CPLR 5222 [b]), and a court may, "at any time, on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" (CPLR 5240). Once appellant made a prima facie showing that he had not been a party to the action and thus was not the judgment debtor, the burden shifted to plaintiff to demonstrate that appellant was in fact the defendant in this action and, thus, that the property sought to be restrained belonged to the judgment debtor.
Plaintiff's assertion in opposition to appellant's motion, that appellant had been her tenant, may have established the existence of an issue of fact, but it left unresolved an issue of credibility, which could not be resolved on the papers that were before the Civil Court (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341 [1974]; see also 6234 Jericho Realty Corp. v Autozone, Inc., 27 AD3d 447, 449 [2006]; Petri v Half Off Cards, 284 AD2d 444, 445 [2001]).
In its denial of appellant's motion, the Civil Court speculated that appellant "might" have maintained two addresses and thus rented from plaintiff even while he held a lease and resided in Brooklyn. The Civil Court also referred to plaintiff's unsworn statement at argument that appellant had been her tenant. " A judicial [determination], even one issued in the context of a small claims action, must rely upon competent evidence, and not mere inference or surmise' " (Kee v Eastchester Hgts. LP, 38 Misc 3d 145[A], 2013 NY Slip Op 50299[U], *1 [App Term, 1st Dept 2013], quoting Rollock v Gerald Modell Inc., 169 Misc 2d 663, 665 [App Term, 1st Dept 1996]).
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination, following a hearing, of the motion by Carlton Wilson, a purported nonparty, in effect, to vacate the restraining notice.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: May 05, 2016