Hindi v Wajngurt-Levy (2020 NY Slip Op 50939(U))

[*1]

Hindi v Wajngurt-Levy

2020 NY Slip Op 50939(U) [68 Misc 3d 128(A)]

Decided on August 14, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 14, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1852 Q C

Deena Hindi, Appellant,
against
Clara Wajngurt-Levy, Respondent. 

Deena Hindi, appellant pro se.
Buratti, Rothenberg & Burns (Mitchell E. Pak of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), entered March 5, 2018. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action seeking to recover $5,000 for damage to her
car sustained in a motor vehicle accident with defendant's vehicle. After a nonjury trial, the Civil
Court dismissed the action, finding that plaintiff had failed to submit two estimates or a paid bill
and therefore had failed to make out a prima facie case. A judgment was entered on March 5,
2018 dismissing the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). 
Pursuant to CCA 1804, the submission of an itemized bill or invoice, receipted or marked
paid, or two itemized estimates, is prima facie evidence of the reasonable value and necessity of
repairs. Here, plaintiff failed to submit two competent estimates, as she had only one, in the sum
of $8,000, or to present expert testimony establishing the reasonable value and necessity of the
repairs (see Henderson v Holley, 112 AD2d 190 [1985]; Rodriguez v Mitch's
Transmission, 32 [*2]Misc 3d 126[A], 2011 NY Slip Op
51225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Correa v Midtown Moving, 4 Misc 3d
135[A], 2004 NY Slip Op 50798[U] [App Term, 1st Dept 2004]; see also Bertin v Bertin, 14 Misc 3d
144[A], 2007 NY Slip Op 50392[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2007]).
Plaintiff argues on appeal that she did not need two estimates since she established that her
vehicle had been a total loss via her testimony that she had received a settlement letter from
defendant's insurance company noting that it deemed her vehicle to be a total loss. Even if that
testimony were sufficient to establish that plaintiff's vehicle was a total loss, plaintiff did not
establish her damages. It is well settled that the measure of damages for a totally destroyed
vehicle is the difference between the market value of the vehicle before destruction and the
salvage value of the wreckage (see Gass v Agate Ice Cream, Inc., 264 NY 141 [1934];
Aurnou v Craig, 184 AD2d 1048 [1992]; Owens v State, 96 AD2d 630 [1983]).
While there is unrebutted proof that plaintiff's vehicle sustained damage, the evidentiary record
before the court was almost devoid of any proof regarding the pre-accident market value of the
vehicle in question, which is indispensable to proving a claim based on total loss of a motor
vehicle (see Gass v Agate Ice Cream, Inc., 264 NY 141; Aurnou v Craig, 184
AD2d 1048). Since plaintiff submitted only a Kelley Blue Book value to establish the
pre-accident market value of the vehicle, there was insufficient evidence of the actual condition
and value of the vehicle before the accident (cf. Schussheim v Snitkoff, 55 Misc 3d 150[A], 2017 NY Slip Op
50732[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). "A judicial award, even one
issued in the context of a small claims action, must rest upon competent evidence, and not mere
inference or surmise" (Rollock v Modell, Inc., 169 Misc 2d 663, 665 [App Term, 1st
Dept 1996]). As plaintiff failed to prove her damages by competent evidence, the dismissal of the
action rendered substantial justice (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 14, 2020