Inkjet Textile Print. v Superchief Gallery (2021 NY Slip Op 50727(U))

[*1]

Inkjet Textile Print. v Superchief Gallery

2021 NY Slip Op 50727(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-42 Q C

Inkjet Textile Printing, Appellant, 
against
Superchief Gallery, Respondent. 

Inkjet Textile Printing, appellant pro se.
Superchief Gallery, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (John
C. Katsanos, J.), entered May 1, 2019. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $4,756.35 for
damage to printing equipment. After a nonjury trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier
of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Here, the Civil Court found that plaintiff's witness's testimony lacked credibility and, further,
that defendant refuted plaintiff's claims. Upon a review of the record, we find no basis to disturb
the court's credibility determinations. Furthermore, plaintiff failed to meet its burden of proof in
establishing its alleged damages (see CCA 1804; Hindi v Wajngurt-Levy, 68
Misc 3d [*2]128[A], 2020 NY Slip Op 50939[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]; Jones v Jeff's Express Moving, Stor. & Trucking, 49 Misc 3d
133[A], 2015 NY Slip Op 51454[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). Consequently, we find that the judgment dismissing the action rendered substantial
justice between the parties according to the rules and principles of substantive law (see
CCA 1804, 1807).
We note that this court does not consider certain documents attached to plaintiff's brief on
appeal, as they are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021